Keiko J. Kojima (SBN 206595)
E-mail: kkojima@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600 | Fax: 213.236.2700

Attorneys for Plaintiff
Hartford Life and Accident Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LORI CROWN, an individual,<br>AUSTIN CROWN, an individual,<br>COLLIN CROWN, an individual, and<br>WILLIAM KENDALL, an individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT IN INTERPLEADER** |

Plaintiff Hartford Life and Accident Insurance Company ("Hartford") alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff Hartford is a corporation organized under the laws of the State of Connecticut, and maintains its principal place of business in the State of Connecticut. Hartford is authorized to do business and is lawfully doing business as an insurer within the State of California, and within this district.

2. Defendant Lori Crown is an individual whom Hartford is informed and believes is a citizen and resident of the State of Nevada.

///

3. Defendant Austin Crown is an individual whom Hartford is informed and believes is a citizen and resident of the State of California, and resides within the County of Los Angeles.

4. Defendant Collin Crown is an individual whom Hartford is informed and believes is a citizen and resident of the State of Oregon.

5. Defendant William Kendall is an individual whom Hartford is informed and believes is a citizen and resident of the State of Nevada.

6. Diversity of citizenship between Hartford as stakeholder and the Defendants as claimants exists for purposes of Rule 22, Federal Rules of Civil Procedure, in that Hartford is incorporated in the State of Connecticut, with its principal place of business in Connecticut, and none of the Defendants are citizens or residents of Connecticut. The amount in controversy for Rule 22 interpleader is satisfied because more than $75,000 is in controversy in this case, exclusive of interest and costs.

7. Minimal diversity also exists for purposes of the Federal Interpleader Act, 28 U.S.C. § 1335, because Defendant Austin Crown is a citizen of the State of California and Defendant Lori Crown is a citizen of the State of Nevada, and more than $500 is in controversy in this case, exclusive of interest and costs.

8. Venue is proper in this District, as at least one defendant, Austin Crown, resides within the Central District of California. 28 U.S.C. § 1397.

**FACTS RELEVANT TO THE STAKE INTERPLED**

9. Michael C. Crown, now deceased, was insured for life insurance coverage under a certificate of insurance under Group Insurance Policy GL-099501 ("Policy") that was issued by Hartford to the Trustees of Hartford Group Insurance Trust.

10. Michael C. Crown designated his wife, Lori Crown, as the primary beneficiary for his life insurance coverage under the Policy.

///

11.  In 2018, Michael C. Crown and Lori Crown divorced. A Joint Petition for Divorce was filed on January 19, 2018, with the Decree of Divorce filed on April 6, 2018.

12.  Michael C. Crown did not change the beneficiary on the Policy following the divorce.

13.  Michael C. Crown died on April 13, 2019.

14.  Lori Crown submitted a claim for the Policy benefits, providing a death certificate that stated Michael C. Crown was divorced. Hartford was provided a copy of the Decree of Divorce, which stated in the Joint Petition ("Divorce Decree") that Lori Crown would be responsible for "Premiums and fees for all insurance plans and joint accounts" and that as to the division of community property, Lori Crown would receive "All insurance plans and joint accounts." There was no provision in the Divorce Decree as to the beneficiary on the Policy following the divorce.

15.  On or around May 8, 2019, Hartford sent Lori Crown a letter advising that she was no longer the beneficiary under the Policy. The letter explained that under Nevada State Statue 111.781, a divorce revokes the prior beneficiary designation if the spouse is the named beneficiary.

16.  On or around May 14, 2019, Lori Crown's attorney, Susanna T. Kintz, sent Hartford a letter seeking payment of the proceeds to her client, maintaining that NRS 111.781 does not apply where there is a contract relating to the division of the marital estate made between the divorced persons before or after the divorce. She maintained that Lori Crown and Michael C. Crown entered into a contract agreeing that Lori Crown would be the beneficiary of the Policy.

17.  On or around May 15, 2019, Hartford received a Preference Beneficiary Affidavit identifying Austin Crown, Collin Crown, and William Kendall as the surviving children of Michael C. Crown.

///

18. Austin Crown, Collin Crown, and William Kendall maintain entitlement to the Policy proceeds as the surviving children of Michael C. Crown.

## FIRST CAUSE OF ACTION FOR INTERPLEADER

19. Plaintiff refers to and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 18 above, as though fully set forth herein.

20. There now exists potentially rival, adverse and conflicting claims among Lori Crown, on the one hand, and Austin Crown, Collin Crown, and William Kendall, on the other, to the insurance proceeds due now under the Policy as a result of Michael C. Crown's death.

21. Following the filing of the Complaint, Hartford will deposit the amount of the Policy proceeds in dispute, with interest if applicable, into the Court's registry, there to remain subject to the outcome of this action. Hartford has no interest in the proceeds, except as a mere stakeholder.

22. By reason of the conflicting claims by Defendants, Hartford cannot determine which of the Defendants are entitled to payment of the amount due under the Policy and cannot pay any part of said sum without danger of being compelled to pay said sum to each of the Defendants herein.

23. Hartford has necessarily incurred and will incur attorneys' fees and costs in bringing this complaint in interpleader. Hartford is entitled to recover its attorneys' fees and costs in this proceeding.

24. Hartford should not be compelled to become involved in the actual or potential disputes or contentions of Defendants, and the Defendants should be ordered to litigate or otherwise settle among themselves without further involving Hartford.

///

///

///

WHEREFORE, Plaintiff Hartford prays judgment as follows:

1. That Defendants be restrained from instituting any action against Plaintiff Hartford for the recovery of the amount of said Policy, or any part thereof;

2. That the Defendants be required to interplead and settle among themselves their respective rights to the proceeds under the Policy, and that Hartford be discharged from all liability to Defendants under said Policy, or otherwise;

3. That this Court shall award Hartford its actual Court costs and reasonable attorneys' fees incurred in connection with this interpleader action, with such sums to be paid out of the amount deposited by Hartford with this Court;

4. That this Court shall dismiss Hartford with prejudice from this action; and

5. For such other and further relief as the Court deems proper.

Dated: June 12, 2019

BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Keiko J. Kojima*
Keiko J. Kojima
Attorneys for Plaintiff
Hartford Life and Accident Insurance Company